Robert S. Murphy (AZ SB #013620)
Law Offices of Robert S. Murphy, LLC
1650 North First Avenue
Phoenix, Arizona 85003-1124
Bob@RMurphyLaw.com
(602) 528-4728
(866) 224-2188 – Fax

Thomas W. Brooke (DC SB #430636) (*Pro Hac Vice pending*)
Shardul S. Desai (DC SB #990299) (*Pro Hac Vice pending*)
John C. Nix (TN SB #039268) (*Pro Hac Vice pending*)
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
Thomas.Brooke@HKLaw.com
Shardul.Desai@HKLaw.com
John.Nix@HKLaw.com
(202) 469-5210
(202) 955-5564 – Fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Whaleco Inc., | Civil Case No. |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | |
| Jamya Arroyo; Soumen Halder, ABC Corporations 1-36; and John Does 1-36, | |
| Defendants. | |

## PLAINTIFF'S VERIFIED COMPLAINT

Plaintiff Whaleco Inc. ("***Whaleco***" or "***Plaintiff***"), by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters. Under Fed. R. Civ. P. 65(b), the facts of this Complaint, as they pertain to Whaleco, are verified below.

## NATURE OF THE CASE

1.     This is an *in rem* action against the domain names listed in **Exhibit 1**, Jamya Arroyo, Soumen Halder, ABC Corporations 1-36, and John Does 1-36, for trademark counterfeiting, trademark infringement, trademark dilution, false designation of origin, and

unfair competition under the Lanham Act; trademark dilution under Arizona Statute Section 44-1448.01; and trademark infringement and unfair competition under Arizona common law.

2.      Whaleco brings this action because Jamya Arroyo, Soumen Halder, ABC Corporations 1-36, and John Does 1-36 (collectively "**Defendants**") are (a) using the federally registered TEMU trademark, or variations thereof, to dupe or otherwise deceive people into believing Defendants' domain names and resultant websites are associated with, endorsed by, or otherwise affiliated with Whaleco; (b) operating a redirect scheme whereby Defendants' domain names redirect unsuspecting consumers to websites that display, without authorization, the federally registered TEMU trademark, or variations thereof; and/or (c) using the Domain Names as part of a phishing campaign that uses, without authorization, the TEMU Marks.[1]

3.      Defendants have registered the domain names listed in **Exhibit 1** in bad faith, and are operating domain names and resultant websites that (a) directly utilize or display, without authorization, Plaintiff's registered TEMU marks, or other marks confusingly similar thereto; (b) redirect consumers to websites that display, without authorization, Plaintiff's registered TEMU marks; and/or (c) use the TEMU marks as part of a phishing campaign, all with the specific intent to trade off the goodwill associated with Plaintiff's registered TEMU mark and to confuse consumers and fraudulently profit from Plaintiff's trademark rights.

4.      Consequently, the domains included at **Exhibit 1** should be immediately canceled, disabled and/or transferred to Whaleco to protect the public and the goodwill that Whaleco worked hard to successfully build in its marks and branding. Moreover, because Defendants' associated and resultant websites are being used to perpetuate a fraud harmful

---

[1] Phishing is a fraudulent practice of sending some communication purporting to be from a reputable company in order to induce individuals to take some action that results in the individual being defrauded.

to consumers and irreparably damaging to Whaleco's reputation and goodwill, they should also be immediately canceled and disabled.

## THE PARTIES

5.      Whaleco Inc. d/b/a Temu is a Delaware corporation with its principal place of business at 31 Saint James Ave., Suite 355, Boston, Massachusetts 02116-4101.

6.      Upon information and belief, Defendant Jamya Arroyo is a Massachusetts resident who registered the Internet domain name concorporarius.com on June 5, 2023, through the domain name registrar Namecheap and is targeting consumers nationwide.

7.      Upon information and belief, Defendant Soumen Halder is the registered owner of the Internet domain name instalacioneslyl.com which was registered with PDR Ltd. d/b/a PublicDomainRegistry.com on December 4, 2023. Soumen Halder has a listed address of Ramjibanpur, PO-RC Thakurani in Kolkata, India and an email address of meneagard06@gmail.com. Upon information and belief, Defendant Soumen Halder operates the Internet domain name instalacioneslyl.com and the resultant website to target consumers in Arizona.

8.      Defendant ABC Corporation 1 and/or John Doe 1 has registered and is using offervault.com, an Internet domain name initially registered on April 11, 2007 through the domain name registrar Namecheap, Inc. ABC Corporation 1 and/or John Doe 1 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

9.      Defendant ABC Corporation 2 and/or John Doe 2 has registered and is using livingway.uk.com, an Internet domain name registered on March 14, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 2 and/or John Doe 2 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

10.      Defendant ABC Corporation 3 and/or John Doe 3 has registered and is using gjgarea.eu.com, an Internet domain name registered on June 12, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 3 and/or John Doe 3 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

11.     Defendants ABC Corporation 4 and/or John Doe 4 has registered and is using accinate.com, an Internet domain name registered on March 16, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 4 and/or John Doe 4 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

12.     Defendant ABC Corporation 5 and/or John Doe 5 has registered and is using bureaty.com, an Internet domain name registered on April 17, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 5 and/or John Doe 5 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

13.     Defendants ABC Corporation 6 and/or John Doe 6 has registered and is using zindashmap.one, an Internet domain name registered on October 31, 2022, through the domain name registrar Namecheap, Inc. ABC Corporation 6 and/or John Doe 6 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

14.     Defendants ABC Corporation 7 and/or John Doe 7 has registered and is using sbarghatjbar.store, an Internet domain name registered on May 23, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 7 and/or John Doe 7 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

15.     Defendants ABC Corporation 8 and/or John Doe 8 has registered and is using seocler.com, an Internet domain name registered on September 27, 2022, through the domain name registrar Namecheap, Inc. ABC Corporation 8 and/or John Doe 8 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

16.     Defendants ABC Corporation 9 and/or John Doe 9 has registered and is using souksa.com, an Internet domain name registered on December 23, 2022, through the domain name registrar Namecheap, Inc. ABC Corporation 9 and/or John Doe 9 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

17.     Defendants ABC Corporation 10 and/or John Doe 10 has registered and is using individuct.org.uk, an Internet domain name registered on April 30, 2022, through the domain name registrar Namecheap, Inc. ABC Corporation 10 and/or John Doe 10 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

18.     Defendants ABC Corporation 11 and/or John Doe 11 has registered and is using sebestshop.com, an Internet domain name registered on October 3, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 11 and/or John Doe 11 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

19.     Defendants ABC Corporation 12 and/or John Doe 12 has registered and is using blizzardblog.co.uk, an Internet domain name registered on July 2, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 12 and/or John Doe 12 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

20.     Defendants ABC Corporation 13 and/or John Doe 13 has registered and is using herzoghof.com, an Internet domain name registered on September 27, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 13 and/or John Doe 13 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

21.     Defendants ABC Corporation 14 and/or John Doe 14 has registered and is using kuehnhomes.com, an Internet domain name registered on September 27, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 14 and/or John Doe 14 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

22.     Defendants ABC Corporation 15 and/or John Doe 15 has registered and is using hooksnet.com, an Internet domain name registered on November 6, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 15 and/or John Doe 15 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

23.     Defendants ABC Corporation 16 and/or John Doe 16 has registered and is using allyoureuro.co.uk, an Internet domain name registered on June 6, 2022, through the domain name registrar Namecheap, Inc. ABC Corporation 16 and/or John Doe 16 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

24.     Defendants ABC Corporation 17 and/or John Doe 17 has registered and is using gmutelework.com, an Internet domain name registered on September 15, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 17 and/or John Doe 17 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

25.     Defendants ABC Corporation 18 and/or John Doe 18 has registered and is using intls.eu.com, an Internet domain name registered on October 29, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 18 and/or John Doe 18 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

26.     Defendants ABC Corporation 19 and/or John Doe 19 has registered and is using tikpotkick.com, an Internet domain name registered on November 22, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 19 and/or John Doe 19 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

27.     Defendants ABC Corporation 20 and/or John Doe 20 has registered and is using kbdrun.net, an Internet domain name registered on February 17, 2021, through the domain name registrar Namecheap, Inc. ABC Corporation 20 and/or John Doe 20 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

28.     Defendants ABC Corporation 21 and/or John Doe 21 has registered and is using oftopsurvey.com, an Internet domain name registered on December 5, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 21 and/or John Doe 21 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

29.     Defendants ABC Corporation 22 and/or John Doe 22 has registered and is using zibelring.ink, an Internet domain name registered on December 12, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 22 and/or John Doe 22 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

30.     Defendants ABC Corporation 23 and/or John Doe 23 has registered and is using kodomaniacy.com, an Internet domain name registered on April 26, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 23 and/or John Doe 23 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

31.     Defendants ABC Corporation 24 and/or John Doe 24 has registered and is using whichtopsurvey.com, an Internet domain name registered on December 5, 2023, through the domain name registrar Namecheap, Inc. ABC Corporation 24 and/or John Doe 24 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

32.     Defendants ABC Corporation 25 and/or John Doe 25 has registered and is using geschenke-de.online, an Internet domain name registered on December 6, 2023, through the domain name registrar Go Daddy, LLC. ABC Corporation 25 and/or John Doe 25 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

33.     Defendants ABC Corporation 26 and/or John Doe 26 has registered and is using hotdeals.com, an Internet domain name registered on January 16, 1996, through the domain name registrar Go Daddy, LLC. ABC Corporation 26 and/or John Doe 26 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

34.     Defendants ABC Corporation 27 and/or John Doe 27 has registered and is using educations.com.de, an Internet domain name most recently updated on December 17, 2023, upon information and belief, is hosted by Go Daddy, LLC. Upon information and belief, ABC Corporation 27 and/or John Doe 27 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

35.     Defendants ABC Corporation 28 and/or John Doe 28 has registered and is using eticspin.com, an Internet domain name registered on December 11, 2023, through the domain name registrar Name.com, Inc. ABC Corporation 28 and/or John Doe 28 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

36.     Defendants ABC Corporation 29 and/or John Doe 29 has registered and is using essentialdailyneed.net, an Internet domain name registered on May 22, 2023, through the domain name registrar Tucows Domains Inc. ABC Corporation 29 and/or John Doe 29 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

37.     Defendants ABC Corporation 30 and/or John Doe 30 has registered and is using businessuniversitys.com, an Internet domain name registered on June 3, 2023, through the domain name registrar Internet Domain Service BS Corp. Upon information and belief, ABC Corporation 30 and/or John Doe 30 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

38.     Defendants ABC Corporation 31 and/or John Doe 31 has registered and is using lucidtera.com, and Internet domain name registered on December 15, 2023, through the

domain name registrar Internet Domain Service BS Corp. ABC Corporation 31 and/or John Doe 31 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

39.     Defendants ABC Corporation 32 and/or John Doe 32 has registered and is using biogipuzkoa.top, and Internet domain name registered on August 3, 2023 through the domain name registrar Namecheap, Inc. ABC Corporation 32 and/or John Doe 32 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

40.     Defendants ABC Corporation 33 and/or John Doe 33 has registered and is using valleyhospitalcure.com, an Internet domain name registered on November 24, 2022, through the domain name registrar Dynadot Inc. ABC Corporation 33 and/or John Doe 33 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

41.     Defendants ABC Corporation 34 and/or John Doe 34 has registered and is using kljb-puerkwang.de, an Internet domain name that, upon information and belief, is hosted by WorldStream B.V. Upon information and belief, ABC Corporation 34 and/or John Doe 34 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

42.     Defendants ABC Corporation 35 and/or John Doe 35 has registered and is using list-manage.com, and Internet domain name registered on April 18, 2006, and renewed on August 23, 2023, through the domain name registrar Gandi SAS. ABC Corporation 35 and/or John Doe 35 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

43.     Defendants ABC Corporation 36 and/or John Doe 36 has registered and is using ev-trainingsolutions.com, an Internet domain name registered on June 9, 2023, through the domain name registrar Cosmotown, Inc., ABC Corporation 36 and/or John Doe 36 is using a privacy service that shields their true identity. *See* **Exhibit 2**.

44.     ABC Corporation 1-36 and/or John Doe 1-36 are corporations or individuals of unknown residence and citizenship. Whaleco does not know any of the identities or locations for these defendants at this time and has been unable to discover them through reasonable due diligence. Whaleco therefore sues ABC Corporations 1-36 and/or John Does 1-36 by fictitious names and believes that each is an actual person or entity involved in the unlawful violation of Whaleco's intellectual property rights and is legally responsible for the events and injury to

Whaleco alleged here. Whaleco will seek leave to amend this Complaint when the identities of ABC Corporations 1-36 and John Does 1-36 have been discovered and revealed.

**JURISDICTION AND VENUE**

45.     This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et. seq.*, and under Arizona statutory and common law.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

46.     This Court has *in rem* jurisdiction over the domains registered to ABC Corporations 1-27 and ABC Corporation 32, along with John Does 1-27 and John Doe 32 pursuant to 15 U.S.C. § 1125(d)(2)(A). Whaleco, through due diligence, has been unable to find a person or entity who would have been a defendant because the identity of the registrant of these domain names is concealed by privacy services. Accordingly, under 15 U.S.C. § 1125(d)(2)(C), because the registrars of the domain names—Namecheap and Go Daddy—are located in this District, the situses of the domains are in this District.

47.     In accordance with 15 U.S.C. § 1125(d)(2)(A)(ii)(II), Whaleco will give notice of the violation of its rights and its intent to proceed *in rem* to the postal and e-mail addresses set forth in the WHOIS registration records for the domains.

48.     Jamya Arroyo, ABC Corporations 1-24, ABC Corporation 32, John Does 1-24, and/or John Doe 32 consented to jurisdiction in this District when they entered the registration agreement with the domain name registrar Namecheap. *See* **Exhibit 3**.

49.     This Court has general personal jurisdiction over Soumen Halder, ABC Corporations 25-36, and/or John Does 25-36 based on their continuous and systematic contacts with Arizona through deliberate and continuous marketing, distribution, and targeting of Arizona consumers using the domains at issue registered to Soumen Halder and each respective ABC Corporation and/or John Doe, all of which bear and display infringing TEMU Marks (as defined below).

50.     This Court has general personal jurisdiction over Soumen Halder, ABC Corporations 25-36 and/or John Does 25-36 because these respective defendants have continuously and systematically solicited purchases, through either redirect spam clicking

schemes, phishing campaign, or other direct targeted advertising and solicitations, from paying Arizona residents while employing identical, or otherwise confusingly similar variations of, the TEMU Marks.

51.     This Court, on information and belief, has specific personal jurisdiction over Jamya Arroyo, Soumen Halder, ABC Corporations 1-36 and/or John Does 1-36 because (1) the respective defendants have solicited purchases from paying consumers residing in Arizona through the use of the domains listed above and in **Exhibit 1**, along with each of the domains' respective, resultant websites that display the TEMU Marks without authorization; (2) the claims asserted herein arise from the respective defendants' aforementioned conduct and contacts; and (3) the exercise of personal jurisdiction is reasonable.

52.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1125(d)(2) because the properties—the domain names being used to engage in the unlawful conduct alleged here—are located in this District.

## **WHALECO'S SERVICES AND TEMU TRADEMARKS**

53.     Whaleco operates a closed-loop e-commerce platform that connects consumers with a vast array of affordable, quality products—including clothing, consumer goods, cosmetics, appliances, electronics, and more—with third-party sellers, manufacturers, and brands around the world (the "***TEMU Platform***").

54.     The TEMU Platform launched in the United States in September 2022 under the TEMU name and trademark, including in the logo format shown below (the "***TEMU Marks***"). Whaleco has used the TEMU Marks continuously since that time to identify the source and origin of its TEMU Platform and accompanying services.



55.     The TEMU Platform is available online, aptly at www.temu.com (screenshot below), and via the TEMU app, which is downloadable on both the Apple App Store and the Google Play Store (screenshots below).




56.     Whaleco spends a substantial amount of money in marketing and promoting the TEMU Marks by working with key influencers and content creators, advertising on social media, and purchasing commercial ad spots, including its epic 2023 "Shop Like a Billionaire" Super Bowl ad (screenshots below), which has been viewed more than 895 million times. *See* **Exhibit 4**. According to one source, the 2023 Super Bowl was watched by over 115 million viewers in the United States, making it not only the most-watched Super Bowl in history, but also the most popular U.S. television program of all time. *See* **Exhibit 5**.







57.     The TEMU Platform has enjoyed tremendous success in the U.S. market. Today, slightly more than one year after its launch, the TEMU app has surpassed 100 million downloads on the Google Play Store alone and has been one of the most downloaded free apps in both the Google Play Store and the Apple App Store. *See* **Exhibit 6**.

58.     In addition to marketing, Whaleco's success is the result of its commitment to offering a quality shopping experience to its consumers on the TEMU Platform. Whaleco has invested, and continues to invest, a substantial amount of money in building an online infrastructure that is convenient and complete for sellers and consumers alike.

59.     As a result of the extensive public exposure of the TEMU Marks and the enormous success of the TEMU Platform, the TEMU Marks have become well-known and embody the enormous goodwill that Whaleco has worked hard to build. Whaleco has been granted an exclusive license by Five Bells Limited, giving Whaleco the right and authority to use and enforce the TEMU Marks, including the following valid and subsisting U.S. trademark registrations, which cover a variety of online marketplace and shopping services:

/ / /

| Mark | Reg. No.<br>Reg. Date | Products/Services |
|---|---|---|
|  | Reg. No.<br>7145476<br><br>08-22-2023 | Provision of an online marketplace for buyers and sellers of goods and services in Class 35. |
| **TEMU** | Reg. No.<br>7157165<br>09-05-2023 | Various downloadable software for online shopping in Class 9. |
|  | Reg. No.<br>7157220<br>09-05-2023 | Various downloadable software for online shopping in Class 9. |
| **TEMU** | Reg. No.<br>7164306<br>09-12-2023 | Provision of an online marketplace for buyers and sellers of goods and services in Class 35. |

Printouts of these registrations, taken from the U.S. Patent and Trademark Office's online database, are attached as **Exhibit 7**.

60.    Whaleco is also the exclusive licensee authorized to use and enforce the following federal trademark applications owned by Five Bells Limited for the TEMU trademark and logo covering a variety of services in Classes 35, 36, 38, 39, 41, 42, and 45:

| Mark | Serial No.<br>App. Date | Products/Services |
|---|---|---|
| **TEMU** | Serial No.<br>97543570<br><br>08-10-2022 | Among other things, Software as a service (SAAS) services featuring software for online shopping in Class 42. |
| **TEMU** | Serial No.<br>97543542<br><br>08-10-2022 | Among other things, advertising and marketing services in Class 35. |

| Mark | Serial No. App. Date | Products/Services |
|---|---|---|
| **TEMU** | Serial No. 97543555<br><br>08-10-2022 | Various transmission services in Class 38. |
|  | Serial No. 97575694<br><br>09-01-2022 | Various transmission services in Class 38. |
|  | Serial No. 97575712<br><br>09-01-2022 | Among other things, Software as a service (SAAS) services featuring software for online shopping in Class 42. |
| **TEMU** | Serial No. 97736381<br><br>12-29-2022 | Various banking and bill payment services in Class 36. |
| **TEMU** | Serial No. 97736385<br><br>12-29-2022 | Various services for the transportation of goods in Class 39. |
| **TEMU** | Serial No. 97736391<br><br>12-29-2022 | Various entertainment services in Class 41. |

| Mark | Serial No. App. Date | Products/Services |
|------|----------------------|-------------------|
| **TEMU** | Serial No. 97736396<br><br>12-29-2022 | Various services, including online social networking services, for the purpose of online shopping in Class 45. |
|  | Serial No. 97736411<br><br>12-29-2022 | Various banking and bill payment services in Class 36. |
|  | Serial No. 97736419<br><br>12-29-2022 | Various services for the transportation of goods in Class 39. |
|  | Serial No. 97736428<br><br>12-29-2022 | Various entertainment services in Class 41. |
|  | Serial No. 97736435<br><br>12-29-2022 | Various services, including online social networking services, for the purpose of online shopping in Class 45. |

| Mark | Serial No. App. Date | Products/Services |
|------|----------------------|-------------------|
| **TEMU** | Serial No. 97889848<br><br>04-14-2023 | Online retail store services and provision of an online marketplace for buyers and sellers of goods and services in Class 35. |

Printouts of these applications, taken from the U.S. Patent and Trademark Office's online database, are attached as **Exhibit 8**.

### THE INFRINGING DOMAIN NAMES AND DEFENDANTS' ASSOCIATED WEBSITES

61.     Concorporarius.com; offervault.com; livingway.uk.com; gjgarea.eu.com; accinate.com; bureaty.com; zindashmap.one; sbarghatjbar.store; seocler.com; souksa.com; individuct.org.uk; sebestshop.com; blizzardblog.co.uk; herzoghof.com; kuehnhomes.com; hooksnet.com; allyoureuro.co.uk; gmutelework.com; intls.eu.com; tikpotkick.com; kbdrun.net; oftopsurvey.com; zibelring.ink; whichtopsurvey.com; biogipuzkoa.top, and kodomaniacy.com are Internet domain names at issue in this Verified Complaint that (a) all share the same domain name registrar, namely, Namecheap Inc.; (b) all but one employ the use of a privacy service, and (c) all display, without authorization, the TEMU Marks on the domain names' resultant websites in violation of Plaintiff's well-established trademark rights.

62.     There are additional Internet domain names at issue in this Verified Complaint. Geschenke-de.online; educations.com.de; and hotdeals.com are all (a) registered with the same domain name registrar, namely, Go Daddy LLC; (b) employ the use of a privacy service; and (c) display, without authorization, the TEMU Marks on the domain names' resultant websites in violation of Plaintiff's well-established trademark rights.

63.     Kljb-puerkwang.de is an additional Internet domain name at issue in this Verified Complaint which, as referenced above, (a) appears to be hosted with WorldStream B.V.; (b) employs the use of a privacy service; and (c) displays, without authorization, the

TEMU Marks on the domain name's resultant website, in violation of Plaintiff's well-established trademark rights.

64.     Valleyhospitalcure.com is an additional Internet domain name at issue in this Verified Complaint which, as referenced above, is registered with Dynadot Inc., employs the use of a privacy service, and displays, without authorization, the TEMU Marks on the domain name's resultant website, in violation of Plaintiff's well-established trademark rights.

65.     Businessuniversitys.com and lucidtera.com are additional Internet domain names at issue in this Verified Complaint which (a) are all registered with Internet Domain Service BS Corp.; (b) employ the use of a privacy service; and (c) display, without authorization, the TEMU Marks on the domain names' resultant websites, in violation of Plaintiff's well-established trademark rights.

66.     list-manage.com is an additional Internet domain name at issue in this Verified Complaint which, as referenced above, is registered with Gandi SAS, employs the use of a privacy service, and displays, without authorization, the TEMU Marks on the domain name's resultant website, in violation of Plaintiff's well-established trademark rights.

67.     Ev-trainingsolutions.com is an additional Internet domain name at issue in this Verified Complaint which, as referenced above, is registered with Cosmotown, Inc., employs the use of a privacy service, and displays, without authorization, the TEMU Marks on the domain name's resultant website, in violation of Plaintiff's well-established trademark rights.

68.     Instalacioneslyl.com is an additional Internet domain name at issue in this Verified Complaint which, as referenced above, is registered with the Internet domain registrar PDR Ltd. d/b/a PublicDomainRegistry.com, by Soumen Halder, is an individual with an address of Ramjibanpur, PO- RC Thakurani, Kolkata, West Bengal. Soumen Halder displays, without authorization, the TEMU Marks on the domain name's resultant website, in violation of Plaintiff's well-established trademark rights.

69.     Eticspin.com is an additional Internet domain name at issue in this Verified Complaint which, as referenced above, is registered with Name.com, Inc., employs the use of a privacy service, and displays, without authorization, the TEMU Marks on the domain name's resultant website, in violation of Plaintiff's well-established trademark rights.

70.     Essentialdailyneed.net is an additional Internet domain name at issue in this Verified Complaint which, as referenced above, is registered with Tucows Domains Inc., employs the use of a privacy service, and displays, without authorization, the TEMU Marks on the domain name's resultant website, in violation of Plaintiff's well-established trademark rights.

71.     Defendants ABC Corporation 1 and/or John Doe 1 registered the domain name offervault.com which hosts content that displays, without authorization, the TEMU Marks. The website purports to offer TEMU-branded goods to the public, namely, "TEMU Pallets" for as low as "1 Euro" (screenshot below). *See* **Exhibit 9**.



/ / /



72.    ABC Corporation 1 and/or John Doe 1 is using the domain name offervault.com, along with its resultant website, for illegitimate and illegal commercial purposes in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website and then entice such consumers to make purchases of purported products offered under the TEMU Marks. ABC Corporation 1 and/or John Doe 1 is using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website.

73.    ABC Corporations 2-9 and/or John Does 2-9 each individually registered the respective domain names livingway.uk.com; gjgarea.eu.com; accinate.com; bureaty.com; zindashmap.one; sbarghatjbar.store; seocler.com; and souksa.com which all host content that displays, without authorization, the TEMU Marks. Each respective website purports to offer TEMU-branded goods to the public.

74.    ABC Corporations 2-9 and/or John Does 2-9 employ the use of a redirect scheme whereby unsuspecting consumers, when presented with links to each domain in phishing campaigns or in other commercial solicitations such as direct advertising, are taken to websites that display, without authorization, the TEMU Marks in association with various

1   goods confusingly similar to those offered by Plaintiff. One such website is sebestshop.com

2   owned by ABC Corporation 11 and/or John Doe 11. *See* **Exhibit 9**.

3       75.      ABC Corporations 2-9 and/or John Does 2-9 are using their respective domain

4   names, along with their respective resultant websites, for illegitimate and illegal commercial

5   purposes, such as phishing campaigns, in order to capitalize on Plaintiff's established

6   goodwill and brand recognition, as an effort to lure consumers to its website and then entice

7   such consumers to make purchases of purported products offered under the TEMU Marks.

8   ABC Corporations 2-9 and/or John Does 2-9 are using the TEMU Marks in their entirety, or

9   using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if

10  not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own

11  website. *See* **Exhibit 9**.

12      76.      ABC Corporation 10 and/or John Doe 10 is using the domain name

13  inviduct.org.uk, along with its resultant website, for illegitimate and illegal commercial

14  purposes in order to capitalize on Plaintiff's established goodwill and brand recognition, as

15  an effort to lure consumers to its website and then entice such consumers to make purchases

16  of purported products offered under the TEMU Marks. ABC Corporation 10 and/or John Doe

17  10 is using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest

18  connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and

19  deceive visitors into believing it is Plaintiff's own website.

28  / / /

21

77.     ABC Corporation 10 and/or John Doe 10 employs the use of a redirect scheme whereby unsuspecting consumers, when presented with links to each domain in phishing campaigns or in other commercial solicitations such as direct advertising, are taken to websites that display, without authorization, the TEMU Marks in association with various goods confusingly similar to those offered by Plaintiff. (screenshot below). The redirect scheme also presents consumers with opportunities to take purported "surveys" whereby consumers input personal information on the expected belief they will have an "opportunity to receive a brand new TEMU Pallet." *See also* **Exhibit 9**.






78.     ABC Corporation 11 and/or John Doe 11 is using the domain name sebestshop.com, along with its resultant website, for illegitimate and illegal commercial purposes in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website and then entice such consumers to make purchases of purported products offered under the TEMU Marks. ABC Corporation 11 and/or John Doe 11 is using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website (screenshot below). *See also* **Exhibit 9**.

79.     ABC Corporations 12-18 and/or John Does 12-18 each individually registered the respective domain names blizzardblog.co.uk; herzoghof.com; kuehnhomes.com; hooksnet.com; allyoureuro.co.uk; gmutelework.com; and intls.eu.com which all host content that displays, without authorization, the TEMU Marks. Each respective website purports to offer TEMU-branded goods to the public.

80.     ABC Corporations 12-18 and/or John Does 12-18 employ the use of a redirect scheme whereby unsuspecting consumers, when presented with links to each domain in phishing campaigns or in other commercial solicitations such as direct advertising, are taken to websites that display, without authorization, the TEMU Marks in association with various



goods confusingly similar to those offered by Plaintiff. One such website is sebestshop.com, which is owned by ABC Corporation 11 and/or John Doe 11. *See* **Exhibit 9**.

81.     ABC Corporations 12-18 and/or John Does 12-18 are using their respective domain names, along with their respective resultant websites, for illegitimate and illegal commercial purposes, such as phishing campaigns, in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website and then entice such consumers to make purchases of purported products offered under the TEMU Marks. ABC Corporations 12-18 and/or John Does 12-18 are using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website. *See* **Exhibit 9**.

82.     ABC Corporation 19 and/or John Doe 19 is using the domain name tikpotkick.com, along with its resultant website, for illegitimate and illegal commercial purposes in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website and then entice such consumers to make purchases of purported products offered under the TEMU Marks. ABC Corporation 19 and/or John Doe 19 is using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website.  *See* **Exhibit 9**.

/ / /

83.     ABC Corporation 19 and/or John Doe 19 employs the use of a redirect scheme whereby unsuspecting consumers, when presented with links to each domain in phishing campaigns or in other commercial solicitations such as direct advertising, are taken to websites that display, without authorization, the TEMU Marks in association with various goods confusingly similar to those offered by Plaintiff. (screenshot below). The redirect scheme also presents consumers with opportunities to take purported "surveys" whereby consumers input personal information on the expected belief they will have an opportunity to receive a brand new TEMU Pallet. *See also* **Exhibit 9**.



84.     ABC Corporations 20-24 each individually registered the respective domain names        kbdrun.net;        oftopsurvey.com;        zibelring.ink;        kodomaniacy.com;        and whichtopsurvey.com, which all host content that displays, without authorization, the TEMU Marks. Each respective website purports to offer TEMU-branded goods to the public

85.     ABC Corporations 20-24 and/or John Does 20-24 employ the use of a redirect scheme whereby unsuspecting consumers, when presented with links to each domain in phishing campaigns or other commercial solicitations such as direct advertising, are taken to websites that display, without authorization, the TEMU Marks in association with various goods confusingly similar to those offered by Plaintiff. Many of these domains internally redirect to zibelring.ink, owned by ABC Corporation 22 and/or John Doe 22. *See* **Exhibit 9**.

86.     ABC Corporations 20-24 and/or John Does 20-24 are using their respective domain names, along with their respective resultant websites, for illegitimate and illegal commercial purposes, such as phishing campaigns, in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website and then entice such consumers to make purchases of purported products offered under the TEMU Marks. ABC Corporations 20-24 and/or John Does 20-24 are using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website. *See* **Exhibit 9**.

87.     ABC Corporation 25 and/or John Doe 25 is using the domain name geschenke-de.online, along with its resultant website, for illegitimate and illegal commercial purposes in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website where it offers goods under the TEMU Marks. ABC Corporation 25 and/or John Doe 25 is using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website.



88.     ABC Corporation 25 and/or John Doe 25 employs the use of the TEMU Marks so that unsuspecting consumers, when presented with links to each domain in phishing campaigns or in other commercial solicitations such as direct advertising, are taken to websites that display, without authorization, the TEMU Marks in association with various goods confusingly similar to those offered by Plaintiff. (screenshot below). The redirect scheme also presents consumers with opportunities to take purported "surveys" whereby consumers input personal information on the expected belief they will receive corresponding consideration. *See also* **Exhibit 9**.

89.     ABC Corporation 26 and/or John Doe 26 is using the domain name hotdeals.com, along with its resultant website, for illegitimate and illegal commercial purposes in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website where it offers goods under the TEMU Marks. ABC Corporation 26 and/or John Doe 26 is using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website.



90.     ABC Corporation 26 and/or John Doe 26 also employs the use of a redirect scheme whereby unsuspecting consumers, when presented with links to each domain in phishing campaigns or in other commercial solicitations such as direct advertising, are taken

to websites that display, without authorization, the TEMU Marks in association with various goods confusingly similar to those offered by Plaintiff. The redirect scheme also presents consumers with opportunities to take purported "surveys" (such as one located on zibelring.ink) whereby consumers input personal information on the expected belief they will have an opportunity to receive a brand new TEMU Pallet. *See also* **Exhibit 9**.

91.     ABC Corporations 27-36 and/or John Does 27-36 each individually registered the respective domain names, namely, educations.come.de; eticspin.com; essentialdailyneed.net; businessuniversitys.com; lucidtera.com; valleyhospitalcure.com; biogipuzkoa.top; kljb-puerkwang.de; list-manage.com; and ev-trainingsolutions.com which all host content that displays, without authorization, the TEMU Marks. Each respective website purports to offer TEMU-branded goods to the public.

92.     ABC Corporations 27-36 and/or John Does 27-36 employ the use of a redirect scheme whereby unsuspecting consumers, when presented with links to each domain in phishing campaigns or in other commercial solicitations such as direct advertising, are taken to websites that display, without authorization, the TEMU Marks in association with various goods confusingly similar to those offered by Plaintiff. Two such internal websites are sebestshop.com owned by ABC Corporation 11 and/or John Doe 11 and zibelring.ink, owned by ABC Corporation 22 and/or John Doe 22. *See* **Exhibit 9**.

93.     ABC Corporations 27-36 and/or John Does 27-36 are using their respective domain names, along with their respective resultant websites, for illegitimate and illegal commercial purposes, such as phishing campaigns, in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website and then entice such consumers to make purchases of purported products offered under the TEMU Marks. ABC Corporations 27-36 and/or John Does 27-36 are using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website. *See* **Exhibit 9**.

94.     Defendant Jamya Arroyo is using the domain name concorporarius.com, along with its resultant website, for illegitimate and illegal commercial purposes in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website where it offers goods under the TEMU Marks. Jamya Arroyo is using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website.

95.     Defendant Jamya Arroyo employs the use of a redirect scheme whereby unsuspecting consumers, when presented with links to each domain in phishing campaigns or in other commercial solicitations such as direct advertising, are taken to websites that display, without authorization, the TEMU Marks in association with various goods confusingly similar to those offered by Plaintiff. Two such internal websites are sebestshop.com owned by ABC Corporation 11 and/or John Doe 11 and zibelring.ink, owned by ABC Corporation 22 and/or John Doe 22. *See* **Exhibit 9**.

96.     Defendant Soumen Halder is likewise using the domain name instalacioneslyl.com, along with its resultant website, for illegitimate and illegal commercial purposes in order to capitalize on Plaintiff's established goodwill and brand recognition, as an effort to lure consumers to its website where it offers goods under the TEMU Marks. Soumen Halder is using the TEMU Marks in their entirety, or using variations thereof, as a way to suggest connection with or endorsement by Plaintiff, if not to outright impersonate Plaintiff and deceive visitors into believing it is Plaintiff's own website.

97.     Defendant Soumen Halder employs the use of a redirect scheme whereby unsuspecting consumers, when presented with links to each domain in phishing campaigns or in other commercial solicitations such as direct advertising, are taken to websites that display, without authorization, the TEMU Marks in association with various goods confusingly similar to those offered by Plaintiff. Two such internal websites are sebestshop.com owned by ABC Corporation 11 and/or John Doe 11 and zibelring.ink, owned by ABC Corporation 22 and/or John Doe 22. *See* **Exhibit 9**.

98.     Plaintiff declares that the Defendants' collective and individual use of the TEMU Marks in connection with each respective domain name and website is unauthorized.



The Defendants are not related to, affiliated with, endorsed by, nor otherwise associated with Plaintiff, nor has Plaintiff granted to the Defendants any permission or license to use the TEMU Marks. Contrary to consumers' understanding that they would receive a "TEMU Pallet" for free or at a low price, they actually entered into a subscription agreement and will be charged a significant amount every month.

99.     Upon information and belief, Jamya Arroyo, Soumen Halder, ABC Corporations 1-36 and John Does 1-36 employ the use of third-party payment processors, including Visa and Mastercard, to profit from their deceptive consumer practices and the unauthorized use of Plaintiff's well-established trademark rights.

100.    Plaintiff alleges that ABC Corporations 19, 22, 23, 26, 28, 30, 31, 32, and 33; John Does 19, 22, 23, 26, 28, 30, 31, 32, and 33, and Soumen Halder all employ the use of Visa and Mastercard to obtain payments from unsuspecting consumers.

101.    By using domain names that (a) resolve to websites that display the TEMU Marks in their entirety in association with goods and/or services that are confusingly similar to those offered by Plaintiff under the TEMU Marks; (b) are utilized as part of deceptive phishing campaigns that employ the use of the TEMU Marks to generate consumer confusion; and/or (c) are used in connection with redirect schemes so that consumers are induced to enter personal information as part of consumer surveys with no corresponding consideration, Defendants' collective and individual actions are calculated to trade off Plaintiff's trademark rights, reputation, and goodwill.

102.    Plaintiff is concerned that Defendants' unauthorized registration and use of the domain names, along with their resultant websites, are actions that will confuse consumers and damage Plaintiff's brand.

103.    Defendant's unauthorized registration and use of the domain names, along with their resultant websites and the utilization of payment processing mechanisms, are actions that have confused consumers and damaged Plaintiff's brand.

104.    Based on similarities identified within the infringing website content, the similarities in the type and style of infringing conduct, and the fact that nearly all of the domain names addressed above were registered within a short time period, nearly all with the same registrar and all but one using a privacy service, Plaintiff believes all of the Defendants (Defendants Jamya Arroyo, Soumen Halder, ABC Corporations 1-36 and John Does 1-36) are the same person or entity, are related persons or entities, and/or are working in concert with one another. As described above, many of the websites redirect to one another

and/or host identical content. Further still, Defendants all demonstrate a willful and knowing disregard for Whaleco's intellectual property rights by blatantly copying Whaleco's TEMU Marks for use within its/their unlawful, misleading, and fraudulent schemes and sites.

## INJURY TO WHALECO

105.    The unauthorized use of the TEMU Marks on each respective website associated with the domain names at issue will likely cause confusion, mistake, and deception as to the source or origin of Defendants and/or their activities with Whaleco.

106.    Defendants' phishing campaigns, which are associated with the domain names at issue, will likely cause confusion, mistake, and deception as to the source or origin of the phishing and potentially malicious emails, which originate with Defendant but are likely to be attributed to Whaleco.

107.    Whaleco does not want to be associated with the Defendants or their associated websites or webpages as it has no control over any of them, including their security.

108.    Defendants' registration and use of the domain names at issue, along with their respective resultant websites and phishing campaigns which all use, without authorization, the TEMU Marks, will likely dilute the distinctiveness and value of Whaleco's famous TEMU Marks.

109.    Defendants have acted willfully, in reckless disregard of Whaleco's rights, and in bad faith, as evidenced in part by their obvious copying of Whaleco's famous TEMU Marks. As a direct and proximate result of Defendants' willful actions, Whaleco and its reputation and goodwill has been, and will continue to be, irreparably harmed unless Defendants' unlawful conduct is enjoined.

110.    Defendants' willful and intentional use of the well-known and famous TEMU Marks to trade on Whaleco's reputation and goodwill is likely to cause dilution of the famous TEMU Marks.

111.    Defendants' registration and use of the domain names, along with their resultant websites that display, without authorization, the famous TEMU Marks, have damaged and irreparably injured and, if permitted to continue, will further damage and

irreparably injure Whaleco, the TEMU Marks, the TEMU Platform's reputation and goodwill, and the public's interest in being free from confusion, mistake, and deception.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Counterfeiting Under
### Sections 32(1)(b), 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1116(d)

112.    Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

113.    Defendants have used and continue to use in commerce a counterfeit of the federally registered TEMU Marks in connection with the advertising of goods or services, which is likely to cause consumer confusion or mistake, or to deceive in violation of Sections 32(1)(a) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1116(d).

## SECOND CLAIM FOR RELIEF
### Federal Trademark Infringement Under
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

114.    Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

115.    Without Whaleco's consent, Defendants have used and continue to use in commerce colorable imitations of the registered TEMU Marks, including as part of the domain names' resultant websites and phishing campaigns.

116.    Defendants' infringing use of the registered TEMU Marks is likely to cause consumer confusion, mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## THIRD CLAIM FOR RELIEF
### Trademark Infringement, False Designation of Origin and Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 11125(a)(1)(A)

117.    Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

118.    Defendants' actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants, Defendants' services, and/or Defendants' commercial activities by or with Whaleco, and thus constitute

trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**FOURTH CLAIM FOR RELIEF**
**Trademark Dilution Under**
**Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

119.    Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

120.    The TEMU Marks are famous, as defined in 15 U.S.C. § 1125(c), based on among other things, the inherent distinctiveness and federal registration of the TEMU Marks and the extensive nationwide use, advertising, promotion, and recognition of the TEMU Marks which have become a household name in the United States.

121.    The TEMU Marks were famous before Defendants' first infringing use of the Marks.

122.    Defendants' actions, as described above, are likely to dilute the distinctive quality of the famous TEMU Marks by blurring and tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**FIFTH CLAIM FOR RELIEF**
**Trademark Infringement and Unfair Competition**
**Under Arizona Common Law**

123.    Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

124.    The TEMU Marks are protected at common law.

125.    Defendants' actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants, Defendants' services, Defendants' commercial activities, and/or the domain names complained of herein by or with Whaleco.

126.    Defendants' actions constitute infringement of Whaleco's rights in the TEMU Marks; misappropriation of Whaleco's name, brand, trademarks, reputation, and goodwill in those marks; and unfair competition under Arizona law.

## SIXTH CLAIM FOR RELIEF
### Trademark Dilution
### Under A.R.S. § 44-1448.01

127.    Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

128.    Based on among other things, the inherent distinctiveness and federal registrations of the TEMU Marks and the extensive nationwide use, advertising, promotion, and recognition of the TEMU Marks, the TEMU Marks are well-known and famous indicators for its TEMU Platform and related services.

129.    The TEMU Marks were famous before Defendants' first unlawful use of the TEMU Marks.

130.    Defendants acted willfully with intent to trade on Whaleco's reputation and goodwill and to cause dilution of the famous TEMU Marks.

131.    Defendants' actions, as described above, are likely to dilute the distinctive quality of the famous TEMU mark by blurring in violation of A.R.S. § 44-1448.01.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Whaleco respectfully demands a trial by jury on all issues properly triable by a jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Whaleco respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including the following:

A.    An Order declaring that the use and registration of the domain names complained of herein knowingly and willfully infringe the TEMU Marks, dilute the TEMU Marks, and constitute unfair competition, as detailed above.

B.    An Order that Defendants' uses of the TEMU mark and logo (including variations) knowingly and willfully infringe the TEMU Marks, dilute the TEMU Marks, and constitute unfair competition, as detailed above.

C.      An Order requiring Namecheap, Inc. to place the domain names registered with Namecheap, Inc. on hold and lock for the pendency of this litigation.

D.      An Order requiring Go Daddy, LLC to place the domain names registered with Go Daddy, LLC on hold and lock for the pendency of this litigation.

E.      An Order requiring Name.com, Inc. to place the domain name registered with Name.com, Inc. on hold and lock for the pendency of this litigation.

F.      An Order requiring Tucows Domain, Inc. to place the domain name registered with Tucows Domain, Inc. on hold and lock for the pendency of this litigation.

G.      An Order requiring WorldStream B.V. to place the domain name registered with WorldStream B.V. on hold and lock for the pendency of this litigation.

H.      An Order requiring Dynadot Inc. to place the domain name registered with Dynadot Inc. on hold and lock for the pendency of this litigation.

I.      An Order requiring Internet Domain Service BS Corp. to place the domain names registered with Internet Domain Services BS Corp. on hold and lock for the pendency of this litigation.

J.      An Order requiring Gandi SAS to place the domain name registered with Gandi SAS on hold and lock for the pendency of this litigation.

K.      An Order requiring Cosmotown, Inc. to place the domain name registered with Cosmotown, Inc. on hold and lock for the pendency of this litigation.

L.      An Order requiring PDR Ltd. d/b/a PublicDomainRegistry.com to place the domain name registered with PDR Ltd. d/b/a PublicDomainRegistry.com on hold and lock for the pendency of this litigation.

M.      An Order requiring Namecheap Inc., Go Daddy LLC, Name.com, Inc., Tucows Domain, Inc., WorldStream B.V., Dynadot Inc., Internet Domain Service BS Corp., Gandi SAS, Cosmotown, Inc., and PDR Ltd. d/b/a PublicDomainRegistry.com to disable and cancel the name server information for the domain names registered with each respective registrar, along with any and all resultant, infringing websites so that the respective websites are no longer accessible to Internet users for the pendency of this litigation.

N.     An Order requiring non-party Internet Service Providers and Server hosts to disable and cancel the name server information for the domain names and infringing websites complained of herein so that the domain name and infringing websites are no longer accessible to Internet users for the pendency of this litigation.

O.     An Order requiring Namecheap Inc., Go Daddy LLC, Name.com, Inc., Tucows Domain, Inc., WorldStream B.V., Dynadot Inc., Internet Domain Service BS Corp., Gandi SAS, Cosmotown, Inc., and PDR Ltd. d/b/a PublicDomainRegistry.com and/or any associated privacy service to unmask the registrants' identities and reveal all contact information provided by the registrants when registering the domain names complained of herein, including the name(s), physical and email address(es), and phone number(s) associated with ABC Corporations 1-36 and/or John Does 1-36, to be provided to Whaleco within three (3) business days from the entry of the Order.

P.     An Order enjoining Jamya Arroyo, Soumen Halder and ABC Corporations 1-36 and/or John Does 1-36, and their officers, employees, agents, servants, attorneys, and representatives, and all persons in active concert or participation with any of them:

    1.     From using, registering, or seeking to use or register any name, mark, trade name, company name, domain name, source identifier, or designation comprised of or containing the TEMU mark, logo, or any similar term(s) or design in any manner likely to cause confusion with Whaleco and/or the TEMU Marks or to otherwise injure Whaleco and/or its goodwill and reputation;

    2.     From representing, by any means whatsoever, directly or indirectly, that Defendant, its services/goods, and/or its activities originate from, are sponsored by, or are associated, affiliated, or connected with Whaleco in any way;

    3.     From engaging in acts that constitute trademark infringement, counterfeiting, dilution, false designation of origin, cybersquatting, or unfair

competition that would damage or injure Whaleco's business reputation or damage or dilute the value of the TEMU Marks;

4.     From using, linking, transferring, selling, exercising control over, or otherwise owning any domain name that incorporates, in whole or in part, any of the TEMU Marks, or any domain name that is used in connection with any infringing website or webpage;

5.     From creating, operating, owning, overseeing, or otherwise exercising control over any infringing website, webpage or parked page embedding, incorporating, including, or otherwise displaying the TEMU Marks, or any version of Whaleco's names in promotion, advertising, or pay per click campaigns; and

6.     From assisting, aiding, and/or abetting any other person or business entity in engaging in or performing any of the above activities.

Q.     An Order requiring that Defendants immediately retract and destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or materials and things that contain or bear the TEMU mark or logo, or any other name, mark, trade name, company name, source identifier, or designation that contains or is confusingly similar to or dilutive of the TEMU Marks.

R.     An Order directing that, within fifteen (15) days after the entry of the injunction, Defendants file with this Court and serve on Whaleco's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

S.     An Order requiring all third-party payment processors, including but not limited to Visa and Mastercard, along with their related companies and affiliates:

1.     Immediately provide information for any and all transactions associated with and/or related to the domain names and resultant websites complained of herein, including those listed in **Exhibit 1** and those owned by Jamya Arroyo, Soumen Halder, ABC Corporations 1-36 and/or John Does 1-36;

2.     Immediately identify all payment processing and/or financial accounts and/or sub-accounts associated with the Defendants and related to the domain names and resultant websites complained of herein, including those listed in **Exhibit 1** and those owned by Jamya Arroyo, Soumen Halder, ABC Corporations 1-36 and/or John Does 1-36, and to provide information related to said accounts;

3.     Provide information associated with payment processing and/or financial accounts, including both U.S. based and non-U.S. accounts, related to the Defendants, as well as the domain names, and resultant websites complained of herein, including but not limited to the names, addresses, telephone numbers, email addresses, other contact information, account identifiers, account numbers, account balances, and transaction history associated with said accounts;

4.     Restrain the transfer of all funds held or received for the benefit of the Defendants herein and immediately divert those restrained funds to a holding account for the trust of the Court; and

5.     Provide an accounting of the total funds restrained and identify the financial institution(s), account(s), and sub-account(s) which the restrained funds are related.

T.     An Order requiring that Defendants account for and pay to Whaleco all profits arising from Defendants' unlawful acts, and increasing such profits, for payment to Whaleco in accordance with 15 U.S.C. § 1117 and other applicable laws.

U.     An Order requiring that Defendants pay statutory damages under 15 U.S.C. § 1117(d), on election by Whaleco.

V.     An Order requiring that Defendants pay statutory damages in accordance with 15 U.S.C. § 1117(c) of up to $2,000,000 for each type of service sold, offered for sale, or distributed by Defendants under the registered TEMU Marks.

W.     An Order requiring that Defendants pay Whaleco actual damages, in an amount to be determined, caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws.

X.     An Order requiring that Defendants pay Whaleco all of Whaleco's litigation expenses, including reasonable attorneys' fees and costs under 15 U.S.C. § 1117 and other applicable laws.

Y.     An Order requiring that Defendants pay Whaleco punitive damages in an amount to be determined due to the foregoing willful acts.

Z.     Other relief as the Court may deem appropriate.

Dated: January 5, 2024                Respectfully submitted:

                                      By: ___/s/ Robert S. Murphy_____
                                      Robert S. Murphy
                                      Law Offices of Robert S. Murphy, LLC
                                      1650 North First Avenue
                                      Phoenix, Arizona 85003
                                      Telephone: (602) 528-4727
                                      Facsimile: 1 (866) 224-2188
                                      bob@rmurphylaw.com

                                      Thomas W. Brooke (*pending Pro Hac Vice admission*)
                                      Shardul S. Desai (*pending Pro Hac Vice admission*)
                                      John C. Nix (*pending Pro Hac Vice admission*)
                                      Holland & Knight LLP
                                      800 17th Street N.W., Suite 1100
                                      Washington, DC 20006

                                      *Attorneys for Plaintiff*

1
2                                          **VERIFICATION**

3         I, the undersigned, certify and declare that I have read the foregoing Verified
4    Complaint and know its contents.
5         I am Corporate Counsel of Whaleco Inc., a party to this action, and am authorized to
6    make this verification for and on its behalf, and I make this verification for that reason. I am
7    informed and believe and on that ground allege, that the matters stated in the document
     described above are true.
8
9         I declare under penalty of perjury under the laws of the United States of America
     that the foregoing is true and correct.
10
11        Executed on this _4th_day of _January_____, 2024.
12                                          By: _Kathleen Zhang_
                                               Kathleen Zhang
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                              41